[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Background.
In the first count the plaintiff sued the defendants Carl S. Pedersen and Eric C. Pedersen, individually, d.b.a. Pedersen Floors, claiming that the plaintiff sold and delivered to the defendants, at their specific request, building and flooring materials, during the period January 1993 through July 1993, for which $23,646.13 is due and owing.
In the second count the plaintiff has made exactly the same claims against the defendant, Pedersen Hardwood Floors, Inc.
On the day of trial, all parties stipulated that the amount due and owing to the plaintiff is $23,646.13; the defendant Pedersen Hardwood Floors, Inc. filed an offer CT Page 1040 of judgment in that amount which the plaintiff accepted.
The defendant, Eric C. Pedersen (Eric) did not attend the trial, but he was represented by counsel, who did attend. The plaintiff did not move for default, nor did the court enter a default.
Facts.
In May of 1990, the defendant, Carl S. Pedersen, (Carl) d.b.a. Pedersen Floors, signed as owner, and gave to the plaintiff, a seller of flooring materials and supplies, a credit application, listing various trade and bank references. The form for the credit application had a section for a personal guarantee form, but this was left blank and was not signed.
From 1990 until October 1992, Carl owned Pedersen Floors and did business with the plaintiff. He signed all checks used to pay the plaintiff out of the business account at CBT (taken over by Fleet Bank). All bills were sent to Pedersen Floors at Pedersen Road, East Granby, which was Carl's residence and business address Eric was not an owner or partner of the business nor could he or did he sign any checks. In approximately October 1992, Carl sold the business to Eric, who incorporated it shortly thereafter in 1992. The plaintiff was unaware of the sale to Eric.
On December 15, 1992, Carl sent the plaintiff a Pedersen Floors' check for $7,882.00, drawn on Fleet Bank and signed by Carl, in the amount of $7,882.00. This was payment in full on the account, so as of December 31, 1992, nothing was owed to the plaintiff.
All plaintiff's dealings thereafter were with Eric, not Carl. See plaintiff's trial brief, January 4, 1995, page 2. The next check sent to the plaintiff was dated January 26, 1993; it was a Pedersen Hardwood Floors, Inc. check, drawn on Northwest Bank For Savings, and signed by Eric. Five additional checks were sent to the plaintiff by the end of July, all of which were Pedersen Hardwood Floors, Inc. checks, drawn on Northwest Bank for Savings, and signed by Eric. The plaintiff didn't notice that these were checks of a corporation, signed by Eric, CT Page 1041 not Carl.
The parties agree that the amount of $23,646.13 is due the plaintiff for flooring materials and supplies sold and delivered from January 1993 through July 1993.
Conclusion.
A. Plaintiff v. Carl S. Pedersen.
As the basis of its claim against Carl, the plaintiff alleged in paragraph 2 of the first count that "during the period of January, 1993 through July, 1993, plaintiff sold, delivered and furnished to the defendants, doing business as Pedersen Floors, certain building and flooring materials, at the specific instance and request of said defendants."
The court notes that defendants' July 8, 1994 answer (to the amended complaint), to the first count, paragraph 1 reads, "The allegations contained n paragraph 2 are admitted," and paragraph 2 reads, "as to Paragraphs 2, 3 4, all Defendants deny said Paragraphs." The defendants therefore both admitted and denied paragraph 2. It is clear to the court that the defendants intended to deny, not admit, paragraph 2, and that the number 1 was intended instead of number 2 in paragraph 2 of the answer to the first countas [count as] to what was being admitted. Paragraph 2 of the original complaint, which contains similar allegations, was properly denied in the original answer. Also there was no indication in the trial that the defendants were admitting the allegations of paragraph 2 of the amended complaint. The court finds that the plaintiff was not proved that the defendant, Carl S. Pedersen ordered or requested any flooring or building materials from the plaintiff.
Furthermore, as stated on page 2 of plaintiff's trial brief:
 Carl believed that Eric then incorporated the business in October, 1992; thereafter plaintiff's dealings on the business account were with Eric. CT Page 1042
Since Carl had no dealings with the plaintiff during the time in question (January to July 1993), he could not have acted as an agent for Eric or Eric's corporation, as the plaintiff appears to argue on the fourth page of his trial brief.
Since Carl did not sign the Personal Guarantee Form (on the back of Plaintiff's Exhibit 1), he is not liable as a guarantor.
Judgment is entered for the defendant, Carl S. Pedersen.
B. Plaintiff v. Eric C. Pedersen
On page 6 of its trial brief, the plaintiff argues that there are two grounds on which to hold Eric personally responsible for the money owed to the plaintiff. First, the plaintiff claims the defendant should be defaulted for failure to appear for trial, pursuant to section 351 of the Conn. Practice Book.
 If a party fails to comply with an order of the court or a citation to appear or fails without proper excuse to appear for trial, he may be nonsuited or defaulted by the court.
Practice Book Sec. 351.
The plaintiff did not move for default when the defendant (Eric) did not appear for trial, nor did the court enter a default against him. His attorney was present during the trial.
The court would not have defaulted Eric at the time of trial, even if such a motion had been made; it will not do so now, after the trial is over.
The plaintiff's second argument is that Eric is personally liable to the plaintiff on the basis of the theory of partnership by estoppel. It claims that since it reasonably believed that Eric was operating the business as Carl's partner, and since it was relying on Carl's credit application (of 1990), both Eric and Carl are estopped from denying individual liability as a CT Page 1043 result of plaintiff's reliance on the apparent partnership. The plaintiff asserts that this principle is codified in the Connecticut Uniform Partnership Act, Section 35-54 — entitled Representation of Person as apartner.
The court finds that the plaintiff has not produced enough evidence to sustain its burden of proving by a fair preponderance of the evidence that either Carl or Eric, by words spoken or written or by conduct, represented himself as a partner with the other. Therefore, the plaintiff does not fall within the ambit of Section 34-54.
Judgment is entered for the defendant, Eric C. Pedersen.
Inasmuch as the plaintiff accepted the offer of judgment of the defendant, Pedersen Hardwood Floors, Inc., in the amount of $23,646.13, judgment is entered for the plaintiff in that amount against Pedersen Hardwood Floors, Inc. only.
RICHARD A. WALSH, J.